# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SKIBA,<br><br>       Petitioner,<br><br>v.<br><br>TREVOR WINGARD, the ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and BEAVER COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>       Respondents. | Civil Action No. 2: 14-cv-1012<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## MEMORANDUM OPINION[1]

Petitioner, Michael Skiba, is a state prisoner incarcerated at the State Correctional Institution at Somerset, Pennsylvania, He seeks a writ of habeas corpus, *pro se*, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be denied.

**I.    Procedural History**

The Superior Court of Pennsylvania, quoting the opinion of the suppression court, summarized the relevant factual and procedural background as follows:

> On September 26, 2004, at around 12:19 a.m., Hopewell Twp. Police Department received a call from 911 center reporting a stabbing at 2429 Mill Street, Aliquippa, PA. When police officers arrived at the address, they found Tom Cassidy holding a towel over a wound on the side of his body. Tom Cassidy explained to police that he heard a knocking on his door and upon opening the door, a white male, middle aged, approximately 5'10" tall with a stocky build and short wavy dark hair stabbed and attacked him. A struggle ensued in where the attacker was on top of Thomas Cassidy beating him with his fists. Thomas Cassidy was able to kick his attacker off of him and into the victim's musical organ. When victim ran to the bedroom to get his gun the attacker fled. . . .

---
[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 14 and 17.

>At 1:40 a.m., Officer Lemon of the Aliquippa Police Department arrived on the scene and informed Hopewell Police Officers that the victim of a carjacking, Albin Abramovich, gave a description of his attacker similar to the description given by Thomas Cassidy. . . [T]he Aliquippa Police recovered the stolen vehicle. While waiting for the two truck, police were informed by Joseph Claypoole that he saw Michael Skiba running from the area of the stolen car.
>
>Based on the comparisons of the descriptions offered by both victims, the Hopewell and Aliquippa Police went to the residence of Michael Skiba . . . After knocking on the door of the apartment and receiving no answer, Officer Price went to the back of the apartment building where he was informed by a tenant that he heard a loud noise from Skiba's apartment. The Hopewell Police contacted the landlord to gain access to Skiba's apartment and found him sleeping in bed. Officers Price and Durkos observed that Skiba had blood on his chest, arms and one of his knees was skinned. Skiba was taken in hand cuffs without struggle to the police station to discuss the carjacking and stabbing.

*Commonwealth of Pennsylvania v. Skiba*, No. 425 WDA 2008 (Pa. Super. Ct. Feb. 9, 2009) (slip opinion) at 12 (quoting Suppression Court Opinion, 8/15/2005, at 1-4) (ECF No. 7-22).

Petitioner, Michael Skiba ("Petitioner" or "Skiba"), was convicted by a jury on February 6, 2006, of attempted homicide, aggravated assault, and lesser offenses. He was sentenced by the Court of Commons of Beaver County on March 22, 2006. An amended sentence order was entered on March 29, 2006. The aggregate sentence for all counts of conviction was a term of imprisonment of not less than 25 years nor more than 50 years.

Following his conviction, Skiba, filed a counseled post-sentence motion for relief in which he alleged seventeen (17) trial errors upon which he should be granted a new trial and/or an arrest of judgment. Skiba's post-sentence motion was denied on June 4, 2007. No appeal was filed from the judgment of sentence.

On January 29, 2008, Skiba timely filed his first PCRA petition, the sole basis of which was failure of post-sentence counsel to file an appeal. The court granted the motion, reinstated Skiba's appellate rights, and appointed appellate counsel.

A timely notice of appeal was filed on March 3, 2008. On appeal, counsel limited his argument to failure of the trial court to grant defendant's motion to suppress. The Superior Court affirmed the judgment of sentence upholding the denial of the motion to suppress evidence. The Pennsylvania Supreme Court denied further review on July 22, 2009.

Skiba filed a second timely PCRA petition on August 12, 2009, in which his claim was limited solely to the failure of appellate counsel to adequate pursue the suppression issues on appeal. Counsel was appointed and on January 24, 2011, filed an amended second PCRA petition in which he raised three constitutional violations and a number of ineffective assistance of trial and appellate counsel claims. On June 15, 2011, PCRA counsel filed a supplement to the petition adding additional grounds of ineffective assistance of trial counsel. In total, Skiba raised 12 issues, three of which consisted of alleged constitutional violations and nine of which alleged ineffective assistance of trial, post-sentence, and appellate counsel.

A PCRA hearing was conducted on June 23 and 24, 2011, at which time both parties appeared and presented evidence and arguments in support of their respective positions. Both Skiba and his trial counsel, attorney Gerald Benyo, testified. In an eighty-eight (88) page Memorandum Opinion and Order dated June 1, 2012, the PCRA court denied Skiba's petition holding that the three constitutional claims were waived and that the nine ineffective assistance of counsel claims were without merit. Skiba appealed, and the Superior Court affirmed "on the basis of the sound reasoning of the PCRA judge." Superior Court Memorandum, 995 WDA 2012, Sept. 19, 2013 (ECF No. 7-18).

In the instant petition, Skiba raises the following claims for habeas relief:

I. WHETHER PRIOR LEGAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF LEGAL COUNSEL IN FAILING TO FILE A TIMELY NOTICE OF ALIBI?

3

III. WHETHER PRIOR LEGAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF LEGAL COUNSEL IN FAILING TO CHALLENGE THE POLICE ENTRY INTO DEFENDANT'S HOME, AND SEEK SUPPRESSION OF ALL FRUIT OF SAID [SEARCH], INCLUDING THE SEIZURE OF DEFENDANT AND HIS PHOTOGRAPH AND THE VICTIM IDENTIFICATIONS OF DEFENDANT IN A PHOTOGRAPHIC AND PHYSICAL LINEUPS AND TO INTRODUCE ALL AVAILABLE EVIDENCE IN SUPPORT OF THE CHALLENGE?

III. WHETHER PRIOR LEGAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF LEGAL COUNSEL IN FAILING TO REQUEST THE TRIAL COURT TO PROPERLY AND ADEQUATELY CHARGE THE JURY AND/OR FAILING TO OBJECT TO THE TRIAL COURT IMPROPERLY AND INADEQUATELY CHARGING THE JURY REGARDING:

(A) IDENTIFICATION EVIDENCE – ACCURACY IN DOUBT;

(B) CONSCIOUSNESS OF INNOCENCE EVIDENCE– COOPERATION OF DEFENDANT WITH POLICE; AND

(C) EVIDENCE OF DEFENDANT'S INCARCERATION?

Supplement to Pro Se Habeas Corpus Petition and Memorandum of Law (ECF No. 10).

## II. Standard of Review

A. 28 U.S.C. § 2254

This case is governed by the federal habeas statute applicable to state prisoners. 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Skiba's convictions were obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

As codified at 28 U.S.C. § 2254(d), AEDPA provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Our Court of Appeals has made clear that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir. 1998). Put simply, "habeas proceedings are not the appropriate forum for [a prisoner] to pursue claims of error at the PCRA proceeding . . . . It is the original trial that is the 'main event' for habeas purposes." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004).

"A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.' " *Lambert,* 387 F.3d at 234 (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Few state court decisions will be "contrary to" Supreme Court precedent. "Clearly established Federal law" should be determined as of the date of the relevant state-court decision. *Greene v. Palakovich,* 606 F.3d 85, 95 (3d Cir. 2010), *aff'd, Greene v. Fisher,* 565 U.S. 34 (2011).

The federal habeas court more often must determine whether the state court adjudication was an "unreasonable application" of Supreme Court precedent. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1)

5

'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.' " *Id*. (quoting *Williams*, 529 U.S. at 407).

Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Nara v. Frank,* 488 F.3d 187, 201 (3d Cir. 2007). "Where the state court fails to adjudicate or address the merits of a petitioner's claims, unless procedurally defaulted, the federal habeas court must conduct a *de novo* review over pure legal questions and mixed questions of law and fact. *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). Petitioner's claims will be reviewed in accordance with the standards set forth above.

B.  AEDPA's Threshold Requirements

Before the Court can address the merits of Skiba's claims, it is necessary to examine whether the petition fulfills the applicable procedural requirements as set forth in AEDPA. The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under AEDPA's one-year limitations period. 28 U.S.C. § 2244(d). Respondents do not dispute that Skiba's petition was timely filed. The Court agrees that Skiba's claims are timely.

Next, the Court must address whether Skiba exhausted the "remedies available [to him] in the courts of the State." 28 U.S.C. § 2254(c). Respondents do not dispute that Skiba's claims have been exhausted. The Court agrees that the claims have been exhausted and will proceed to review the claims on their merits under the AEDPA standards set forth above.

**III. Review of Petitioner's Claims**

   A. <u>Fourth Amendment Claim</u>

Based on Plaintiff's filings, it appears that, in addition to his ineffective assistance of counsel claims, Skiba also may be claiming a "Fourth Amendment violation of a warrantless entry into his home without exigent circumstances." Supp. at 1 (ECF No. 10). In support of his argument, Skiba cites a number of cases, all of which have no application in a habeas case.

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir.1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevents petitioner's claim from being heard. *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

Here, the record is clear that Skiba had a full and fair opportunity to litigate his Fourth Amendment claim. He challenged the legality of the warrantless entry in a pre-trial suppression motion and on direct appeal to the Superior Court. To the extent that Skiba contends that the Superior Court erred in its decision, the issue as to whether a state court correctly denied a suppression motion is irrelevant when determining if the petitioner had a "full and fair opportunity" to litigate the claim. *See Marshall*, 307 F.3d at 82 ("an erroneous or summary

resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar."). Under *Stone*, federal habeas review is unavailable. *Id*. at 81. Accordingly, to the extent that Skiba is raising a Fourth Amendment claim, such claim will be denied as barred from federal habeas review.

      B.     <u>Ineffective Assistance of Counsel Claims</u>

Skiba has raised three ineffective assistance of counsel claims, which were presented and rejected on the merits by both the PCRA court and the Superior Court. Because they were adjudicated on the merits in state court, this Court's review is governed by AEDPA's standard of review. Specifically, in order to be entitled to relief, Skiba must show that the Pennsylvania Superior Court's decision rejecting these claims was contrary to, or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

The clearly established federal law with respect to a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires (a) that counsel's performance fall below an objective standard of reasonableness, and also (b) that the petitioner suffer prejudice as a result of counsel's error. The Pennsylvania standard for ineffective assistance of counsel is identical to the federal standard. *Boyd v. Waymart*, 579 F.3d 330, 334 (3d Cir. 2009).

In analyzing Skiba's claims under the two-part test announced in *Strickland*, this Court must apply the standards set forth in section 2254(e) concerning the presumption of correctness applicable to state court factual findings. The question of effectiveness of counsel under *Strickland* is a mixed question of law and fact; it requires the application of a legal standard to the historical, fact determinations. *Berryman v. Morton*, 100 F.3d 1089, 1095 (3d Cir. 1996).

Skiba first argues that his trial counsel was ineffective for failing to pursue an alibi defense.[2] Trial counsel testified at the PCRA hearing that although Skiba desired to present alibi witnesses, counsel determined that the testimony of these witnesses would not be relevant. N.T., 6/23/2011 at 98. The PCRA court found the claim had no merit.

Next, Skiba argues that trial counsel was ineffective for failing to properly investigate and litigate a challenge to the legality of the warrantless entry into his residence and to introduce all available evidence in support of the challenge. Specifically he contends that trial counsel should have called Steven Mozes as a witness and introduced photographs of Skiba's apartment building during the suppression hearing in order to contradict the testimony of Officer Price.[3] At the PCRA hearing, trial counsel testified and explained that (1) the name of the individual with whom Officer Price spoke was never divulged (N.T., 6/23/2011 at 77); and (2) that he believed the argument on the suppression of evidence was meritorious, notwithstanding the officer's testimony on a collateral issue (whether he spoke with someone at the rear of the apartment building), as the police had no justification for entering Skiba's residence. N.T., 6/23/2011 at 79, 82. The PCRA court found that counsel had a reasonable basis for not calling Mr. Mozes as a witness at the suppression hearing and that Skiba had failed to demonstrate that the outcome of

---

[2]    The Court notes that Claim I in the instant petition is presented as an ineffective assistance of counsel claim for "failure to file a timely notice of alibi," while in the PCRA proceedings, the claim was presented as an ineffective assistance of counsel for failing to present "corroborative" alibi evidence. No matter how the claim is framed, the substance remains the same for exhaustion purposes.

[3]    During the suppression hearing, Officer Price testified that he knocked on Skiba's door and when he received no response, he proceeded to the rear of the apartment where an individual reported that he had heard a loud noise in Skiba's apartment and confirmed that Skiba was his neighbor. At the PCRA hearing, Mozes testified that he did not recall the police being at the apartment building or him speaking with police on the night in question.

the suppression hearing would have been different had Mr. Mozes been called as a witness or had photographs of Skiba's apartment building been presented.

Skiba's third and final ineffective claim is that trial counsel failed to request certain jury instructions and/or failed to object to the trial court charging the jury regarding (i) identification evidence – accuracy in doubt; (i) consciousness of innocence evidence – cooperation of defendant with police; and (iii) evidence of Skiba's incarceration. The PCRA court examined each of these claims and found each to be without merit. As to the identification issue, the PCRA court determined that a *Kloiber*[4] instruction was not warranted as Skiba had altered his appearance (shaved his head) between the event and the time of the physical lineup. Further, the victim had offered unwavering testimony at various stages of proceedings that Skiba was his assailant.

Next, the PCRA court determined that Skiba's claim that he was entitled to a "consciousness of innocence" instruction was without merit as Skiba had been unable to locate any authority for his argument that he was entitled to such an instruction. To that end, trial counsel testified that he also was not aware such an instruction existed. N.T., 6/23/2011 at 135. The record reflects that Skiba was permitted to introduce evidence of his cooperation with the police and trial counsel argued to the jury that the cooperation indicated that Skiba had nothing to hide.

And to the third subpart of this claim, that counsel was ineffective in failing to request a cautionary instruction as to Skiba's incarceration, the PCRA court found this claim to be without merit. The record reflects that it was trial counsel who related to the jury in his opening that Skiba was in jail and referred to the identification made by the victim of Skiba at the preliminary

---

[4] *Commonwealth v. Koiber*, 106 A.2d 820 (1954).

hearing while Skiba was wearing prison clothing. At no time during any of the testimony or openings or closings of counsel was there an indication or reference that Skiba was incarcerated for any offense other than the crimes for which he was being tried.

At the PCRA hearing, trial counsel testified that he did not seek a cautionary instruction regarding Skiba's incarceration as a matter of trial strategy. Among other things, he indicated that the information regarding Skiba's incarceration furthered Skiba's interest, and he preferred to argue those facts in a positive manner rather than have the court provide a negative cautionary instruction. The PCRA court found that because trial counsel provided a rational basis for not requesting a jury instruction, the claim lacked arguable merit. N.T., 6/23/2011 at 135-140.

In its memorandum affirming the decision of the PCRA Court, the Superior Court commented on the "sound reasoning of the PCRA judge" and the "able discussion and analysis provided by the PCRA court" and stated that it was affirming "the denial of relief on that basis." The appellate court further "directed the parties to attach a copy of the PCRA opinion in the event of further proceedings." Superior Court Memorandum, (Pa. Super. Ct. 9/18/2013) (ECF No. 7-18).

It is clear that the state courts applied the correct standard for ineffective assistance of counsel. The PCRA court issued an eighty-eight page decision thoroughly analyzing each of Skiba's claims and the Superior Court affirmed the denial of relief on the basis of that opinion. This Court finds that the state courts' determination was neither an unreasonable application of *Strickland* nor did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

**IV.    Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, the Court concludes that jurists of reason would not find it debatable whether each of Clark's claims should be dismissed. Accordingly, a certificate of appealability should be denied.

**IV.    Conclusion**

For all of the above reasons, the petition for a writ of habeas corpus will be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. An appropriate Order follows.

Dated:  March 24, 2017                                                s/ Cynthia Reed Eddy
                                                                                       Cynthia Reed Eddy
                                                                                       United States Magistrate Judge

cc: MICHAEL SKIBA
GP1158
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

Ahmed T. Aziz
Jennifer M. Popovich
Office of the District Attorney of Beaver County
(via ECF electronic notification)